**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DAVID ZAIRE**,

        Plaintiff,

  -vs-                                              9:03-CV-6

**DONALD SELSKY**,

        Defendant.
_____

**Thomas J. McAvoy**, U.S.D.J.

### DECISION & ORDER

### I. Introduction

    Plaintiff David Zaire instituted an action, pursuant to 42 U.S.C. § 1983, against Defendant Donald Selsky alleging violations of Plaintiff's rights under the First and Fourteenth Amendments of the United States Constitution. Plaintiff moved, and Defendant cross-moved, for summary judgment, pursuant to Fed. R. Civ. P. 56. This action was referred to the Honorable Gustave J. DiBianco, United States Magistrate Judge, for a Report and Recommendation, familiarity with which is assumed, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

    Plaintiff has filed objections to the Report-Recommendation. Consequently, the Court will review the record *de novo*. See 28

1

U.S.C. § 636(b)(1). After such review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

Having considered the record *de novo*, the Court adopts the Report-Recommendation with respect to Part 1, 2, 3, and 4. With respect to part 5, the Court does not adopt the Report-Recommendation, and instead uses the reasoning below.

**II. Expungement and Parole Denial**

Assuming *arguendo* that the Rooker-Feldman requirements have not been met, Plaintiff's argument is precluded by collateral estoppel. Merely because the Rooker-Feldman requirements have not been satisfied does not necessarily mean that the issue is not precluded. Hoblock v. Albany County Board of Elections, 2005 WL 2108689 at *12 ("the narrow Rooker-Feldman inquiry is distinct from the question whether claim preclusion (res judicata) or issue preclusion (collateral estoppel) will defeat a federal plaintiff's suit"). The Second Circuit has held that, "because claim preclusion generally does not operate as a bar to a § 1983 suit following the resolution of an Article 78 proceeding," Defendant must rely upon issue preclusion. Colon v. Coughlin, 58 F.3d 865, 870 n.3 (2d Cir. 1995). A prior state court decision is afforded

the same preclusive effect in federal court as it would be given by courts of that state. Id. at 869 n.2; 28 U.S.C. § 1738. Accordingly, "[u]nder New York law, the doctrine of issue preclusion only applies if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." Colon, F.3d at 869.

Plaintiff claims that the issue presented here is different from that presented in the Article 78 action. Plaintiff alleges that the issue in question here is whether Defendant deprived Plaintiff of a due process interest in an untainted parole decision, due to the fact that Defendant could have, but refused, to reverse the prior disciplinary action. Conversely, Plaintiff claims that the issue in the Article 78 proceeding was whether the decision by the Parole Board to deny Plaintiff's release was arbitrary and capricious, in light of the reversal of Plaintiff's disciplinary proceeding.

In both proceedings, the core issue was whether the Parole Board was influenced by the decision in Plaintiff's disciplinary hearing, which was subsequently expunged. The state court dealt with this issue explicitly in its written opinion. "This court holds and determines that the reversal of one of petitioner's disciplinary infractions subsequent to the Parole Board's

3

determination is <u>not</u> sufficient to necessitate a reversal of the Board's denial of parole." <u>Zaire v. Galowski</u>, No. 7587-02 (N.Y. Sup. Ct. Albany County Feb. 14, 2003) (emphasis in original). Further, "the expungement of one infraction would be insufficient to warrant [Plaintiff's] release on parole - when considering all of the other factors relied upon by the Parole Board...." <u>Id</u>.

Given this language, this Court finds that the state court actually, necessarily, and expressly decided the issue. Additionally, there is no question that Plaintiff was afforded a full and fair opportunity to litigate this issue in the Article 78 proceeding. Therefore, Plaintiff's claim is barred by collateral estoppel.

### III. Conclusion

Having considered the record *de novo*, the Court adopts parts 1, 2, 3, and 4 of the Report-Recommendation for the reasons stated therein. The Court does not adopt part 5 of the Report-Recommendation, for the reasons stated above.

It is therefore,

**ORDERED**, that Plaintiff's motion for summary judgment is **DENIED**, and it is further

4

    **ORDERED** that Defendant's motion for summary judgment is **GRANTED,** and Plaintiff's amended complaint is **DISMISSED.**

**IT IS SO ORDERED.**

DATED: September 30, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge